Lonnie D. Giamela (SBN 228435)
E-Mail: lgiamela@fishisphillips.com
Gregory A. Feldman (SBN 295977)
E-Mail: gfeldman@fishisphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
DSV AIR & SEA INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE SAKS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>DSV AIR SEA INC., a Delaware Corporation, and DOES 1-20, inclusive,<br><br>        Defendant. | CASE NO.:<br><br>**DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Declaration of Belinda Apodaca]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that Defendant DSV AIR & SEA INC., ("Defendant" or "DSV"), by and through its counsel of record, submits this Petition for Removal to remove this action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California. This removal is based on diversity jurisdiction, more specifically complete diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), and is timely under 28 U.S.C. § 1446.

/ / /

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to the United States District Court pursuant to 28 U.S.C. § 1441(b) and (c), as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below.  *See* 28 U.S.C. §§ 1331, 1332, 1441(a) and (b).

## II.   VENUE

2.   This action was filed in the California Superior Court for the County of Orange. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III.   PROCEEDINGS IN STATE COURT

3.   On June 24, 2025, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of Orange, Case No. 25CV123525 (the "State Action").  Plaintiff's Complaint asserts one cause of action for Age Discrimination in violation of California's Fair Employment and Housing Act (Cal. Govt. Code §§ 12900, *et seq*.) against DSV and Does 1 through 20. A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit 1.**

4.   On June 25, 2025, the Deputy Clerk of the Superior Court of the State California, County of Orange served a Notice of Hearing, Case Management Conference on December 4, 2025, at 9:30 a.m. in Department C12. A true and correct copy of the Notice of Hearing is attached hereto as **Exhibit 2.**

5.   On June 26, 2025, Plaintiff Served Defendant with the Summons and Complaint. *See* Declaration of Belinda Apodaca ("Apodaca Dec."), ¶ 4.

6.   On July 25, 2024, Defendant filed an Answer to Plaintiff's Complaint in Superior Court for the State of California, County of Orange. A true and correct copy of Defendant's Answer, which has been submitted for filing, is attached hereto as **Exhibit 3.**

///

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

7.    No other process, pleadings, and/or orders have been served upon Defendant in this case.

## IV.    TIMELINESS OF REMOVAL

8.    Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

9.    Plaintiff served the Summons and Complaint on Defendant on June 26, 2025. Apodaca Dec., at ¶ 4, *see also* **Exhibit 1**. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the Summons and Complaint and within one year after commencement of this action.

## V.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

10.    In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Chisokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Chisokee, supra*, 574 U.S. at 88.

## VI.    BASIS FOR REMOVAL JURISDICTION

11.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states.  Unlike Plaintiff, Defendant is not a citizen of the State of California, and the amount in controversy for

Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs. Therefore, this action may be removed to this United States District Court under 28 U.S.C. §§ 1441 and 1446.

### A.    <u>Complete Diversity of Citizenship Exists</u>

12.    **Plaintiff's Citizenship.** For diversity purposes, a person is a "citizen" of the state in which the person is domiciled. 28 U.S.C. § 1332 (a)(1); *see Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lee v. BMW of North America, LLC*, Case No. SACV 19-01722 JVS (ADSx), 2019 WL 68338911, at *2 (C.D. Cal. Dec. 16, 2019). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

13.    In Plaintiff's Complaint, he alleges that at he is and, at all relevant times was, a resident of the State of California. **Exhibit 1**, Complaint, at ¶ 1. He further alleges that all acts giving rise to this action occurred in Irvine, California. **Exhibit 1**, Complaint, at ¶¶ 5-6. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

14.    **Defendant DSV Air Sea Inc.'s Citizenship.** A corporation is deemed a citizen of the state in which it has been incorporated and whose it has its principal place of business. 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined the phrase "principal place of business" as "whose a corporation's high-level officers direct, control, and coordinate the corporation's activities." *Histz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). This is the corporation's "nerve center," and is usually while the corporation maintains its headquarters. *Id*. at 78. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1900); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining location

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

of "nerve center" by examining, among other factors, while the corporation's headquarters are located and while its principal policy and executive decisions are made).

15.    At all material times herein, DSV has been a Delaware corporation with its corporate headquarters and principal place of business in the State of New Jersey. *See* Apodaca Dec., at ¶¶ 5-8. DSV's U.S. leadership has been located at its corporate headquarters in New Jersey, and its core executive and administrative functions are primarily carried out of its headquarters in New Jersey.  *See* Apodaca Dec., at ¶ 6.  DSV's state of incorporation, corporate headquarters, and location of its leadership has remained consistent from the time when Plaintiff filed this action on June 24, 2025.  *See* Apodaca Dec., at ¶ 7. Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), DSV is a citizen of the State of Delaware and the State of New Jersey.

16.    **Doe Defendants' Citizenship.** Plaintiff's Complaint also names as defendants Does 1 through 100. *See* **Exhibit 1**, Complaint, at ¶ 3. The citizenship of fictitiously named doe defendants must be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

17.    As Plaintiff is a citizen of California, and DSV is not a citizen of California, complete diversity of citizenship exists in this matter. This Court may therefore exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B.    The Amount in Controversy Requirement is Satisfied

17.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at *14 (E.D. Cal. Feb. 29, 2008); *see also Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

18. The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839–40, n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy). Courts must consider the aggregate value of claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, whose authorized, are counted toward the requirement."). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

19. The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that the plaintiff seeks to recover more than $75,000 in the action, exclusive of interest and costs. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *see also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). The removing defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

/ / /

/ / /

6

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

20.     In assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). It is thus appropriate to first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003).

21.     Plaintiff alleges one cause of cation for age discrimination under the Fair Employment and Housing Act ("FEHA"). While Defendant disputes any liability to Plaintiff based on the allegations of the Complaint, an extremely low estimate of what Plaintiff could recover if he prevails would easily exceed the $75,000 jurisdictional limit for removal to Federal Court.

22.     Plaintiff seeks economic damages including back pay, front pay, equity, and other compensation. *See* **Exhibit 1,** Complaint, at ¶ 20, Prayer for Relief at p. 5. Plaintiff worked for DSV from December 26, 2021, through June 16, 2024. At the time of separation, he received base annual compensation of **$170,212.41** per year from DSV. Apodaca Decl., at ¶ 20. Plaintiff's lost wages claim from the end of his employment through the filing of this Petition alone exceeds the jurisdictional threshold requirement for removal to Federal Court.

23.     Plaintiff also seeks noneconomic for emotional distress. *See* **Exhibit 1,** Complaint, at ¶ 21, Prayer for Relief at p. 5. Emotional distress damages are considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2015). To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in these caseS. *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Emotional distress damages in employment discrimination cases "may be substantial." *Kroske*, 432 F.3d at 980 (affirming determination that, in light of the plaintiff's alleged lost wages of at least $55,000, emotional distress damages could be valued at $25,000). Employment discrimination cases

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. See *Velez v. Roche,* 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award whose plaintiff suffered depression and other mental anguish following discrimination, even while plaintiff did not formally consult a doctor, did not take any medication for his condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims while plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims while plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly- Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case whose plaintiff was diagnosed with anxiety); see also *Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims).

24. Like Plaintiff's claim for lost wages, his claim for emotional distress injuries likely establishes that the amount in controversy exceeds the jurisdictional threshold. *See Rodriguez v. Home Depot, U.S.A., Inc.,* No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial). Here, because Plaintiff allegedly suffered from emotional distress, and will continue to suffer the alleged emotional distress, it is more likely than not that Plaintiff will seek a substantial sum easily exceeding $75,000 for his alleged non-economic damages.

25. Plaintiff seeks to recover an unspecified amount in attorney's fees. *See* **Exhibit 1,** Complaint, Prayer for Relief, at p. 5. Attorneys' fees (future and accrued) are

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 794 (9th Cir. 2018); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The FEHA provides for attorneys' fees to be awarded to successful plaintiffs. *See* Cal. Gov. Code § 12965(b). Here, it is more than likely that Plaintiff's claimed attorney's fees, including future attorney's fees, will exceed $75,000, especially if this matter goes to trial.

26.     Plaintiff further seeks punitive damages against Defendant. *See* **Exhibit 1, Complaint**, at ¶ 22, Prayer for Relief at p. 5. Specifically, Plaintiff claims that Defendant acted "despicably, maliciously, fraudulently, and oppressively" and "from an improper and evil motive mounting to malice, and in conscious disregard of the rights and safety of Plaintiff." When one assumes, as is required, Plaintiff will prevail on his claims for relief, and the jury will award their punitive damages, it is difficult to imagine that the punitive damages verdict alone would be less than $75,000.

27.     Based on the nature of the allegations and damages sought in the Complaint, Plaintiff has clearly placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441(a), this action may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## VII.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

28.     Promptly upon the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the California Superior Court for the County of Orange, pursuant to 28 U.S.C. § 1446(d).

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

## VIII. CONCLUSION

29. Based on the foregoing, Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Orange, be removed to this Court based on diversity jurisdiction.

Dated: July 25, 2025                    Respectfully submitted,

FISHER & PHILLIPS LLP


By: */s/ Gregory A. Feldman*
Lonnie D. Giamela
Gregory A. Feldman
Attorneys for Defendant
DSV AIR & SEA INC.

DEFENDANT DSV AIR & SEA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446